AO 91 (Rev. 11/11)  Criminal Complaint

# UNITED STATES DISTRICT COURT
for the

Southern District of Florida

| United States of America | ) |
|---|---|
| v. | ) |
| Carlos Valdivia Gutierrez | ) Case No. 25-6146-MJ-JMS |
| | ) |
| | ) |
| | ) |
| | ) |
| *Defendant(s)* | |

FILED BY _____ D.C.

MAR 0 6 2025

ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S. D. OF FLA. - FT. LAUD.

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.
On or about the date(s) of __March 5, 2025__ in the county of __Broward__ in the __Southern__ District of __Florida__, the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| Title 8, United States Code Section 1326(a) and (b)(1) | Illegal Reentry After Removal |

This criminal complaint is based on these facts:
See affidavit.

☒ Continued on the attached sheet.

_____
Complainant's signature

Christy Huffman - Enforcement Officer CBP
*Printed name and title*

Sworn to before me and signed in my presence.

Date: March 6, 2025

_____
Judge's signature

City and state:  Fort Lauderdale, Florida

Jared M. Strauss, U.S. Magistrate Judge
*Printed name and title*

## AFFIDAVIT IN SUPPORT OF CRIMINAL COMPLAINT

I, Christy Huffman, being duly sworn, depose and state as follows:

### INTRODUCTION AND AGENT BACKGROUND

1. I am a United States Customs and Border Protection (CBP) Enforcement Officer at the Port Everglades Seaport and have been so employed since February 2008. I also served in this same capacity at the Miami Seaport, in Miami, Florida during this time. Prior to assuming this position, I was a CBP Officer at Miami International Airport and an Immigration Inspector with the United States Immigration and Naturalization Service in Columbus, New Mexico, and was employed by those agencies since March 2003. I am responsible for conducting criminal investigations of the criminal statutes contained in the Immigration and Nationality Act, as amended and related offenses contained in Titles 8 and 18 of the United States Code.

2. I submit this affidavit in support of a criminal complaint against Carlos VALDIVIA GUTIERREZ ("VALDIVIA"). As explained below, there is probable cause to believe that, on or about March 5, 2025, in Broward County, in the Southern District of Florida, VALDIVIA violated Title 8, United States Code, Section 1326(a) and (b)(1), that is, he is present in the United States after being previously removed and whose removal was after a felony conviction.

3. The facts contained in this affidavit are based on my personal knowledge, as well as information relayed to me by other law enforcement officials involved in this investigation. I have not included in this affidavit every fact known to me about this investigation. Rather, I have included only the facts that are sufficient to establish probable cause for the issuance of a criminal complaint against VALDIVIA for the above-described criminal violation.

## PROBABLE CAUSE

4.     On or about March 5, 2025, VALDIVIA, a citizen and native of Nicaragua, was encountered at Fort Lauderdale-Hollywood International Airport attempting to board Spirit Airlines flight number 435 to Managua, Nicaragua. During a records check prior to the encounter, VALDIVIA was identified as a suspected previously deported alien whose removal was subsequent to a felony conviction. VALDIVIA was removed from the flight for further verification and processing.

5.     During secondary processing, immigration records showed that VALDIVIA is a native and citizen of Nicaragua. Furthermore, VALDIVIA was enrolled into the Integrated Automated Fingerprint Identification System (IAFIS). IAFIS confirmed VALDIVIA' fingerprints were a positive match to FBI# 356565KA4. Further research of the National Crime Information Center ("NCIC") revealed that VALDIVIA has a prior felony conviction in the State of Florida for sexual assault on a minor (Case # F89008481).

6.     Records from U.S. Department of Homeland Security ("DHS") databases showed that VALDIVIA was ordered deported to Nicaragua by an Immigration Judge on or about December 9, 1997. The Order of Removal was executed on or about January 20, 1998, whereby VALDIVIA was removed from the United States and returned to Nicaragua, via Immigration and Customs Enforcement flight from New Orleans, Louisiana.

5.     A record check was performed in the Computer Linked Application Informational Management System (CLAIMS) to determine if VALDIVIA filed an application for permission to reapply for admission into the United States after deportation or removal. The search performed in CLAIMS found no record indicating that VALDIVIA applied for or obtained

2

consent from the Attorney General of the United States or from the Secretary of Homeland Security, for re-admission into the United States as required by law.

## CONCLUSION

6. Based on the facts set forth above, I respectfully submit that there is probable cause to believe that on or about March 5, 2025, in Broward County, in the Southern District of Florida, VALDIVIA committed a violation of 8, United States Code, Section 1326(a) and (b)(1), that is, the unlawful presence in the United States of an alien who has been previously removed from the United States after a felony conviction without having received the permission from the Attorney General of the United States or his successor the Secretary for the Department of Homeland Security.

**FURTHER AFFIANT SAYETH NAUGHT.**

_____
Christy Huffman
Enforcement Officer
U.S. Customs and Border Protection

Attested to by the applicant in accordance with the requirements of Fed. R. Crim. P. 4.1 by FaceTime on this 6th day of March 2025.

_____
UNITED STATES MAGISTRATE JUDGE
Jared M. Strauss

3